```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------

ANTHONY WINSTON HALL,

                Plaintiff,        No. 23-cv-2909 (JGK)

    - against -               **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA d/b/a
SOCIAL SECURITY ADMINISTRATION, ET
AL.,

                Defendants.

-----------------------------------

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Anthony Winston Hall, brought this action against the United States of America d/b/a the Social Security Administration (the "SSA"), the Department of Justice, Deputy Secretary Victoria Shateyman in her official capacity, and others (collectively, the "defendants"). While the plaintiff makes various allegations that are not comprehensible, the plaintiff ultimately seeks an Order requiring the production of the Numident record for his Social Security number ending in 5575.[1] The defendants moved to dismiss the complaint pursuant to Rules 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. The Court provided the plaintiff with an opportunity

---

[1] A Numident record is a computer extract of Form SS-5 and subsequent applications for replacement Social Security number cards. See Social Security Administration, Program Operations Manual System, Program Operations Manual System (POMS), GN 03325.025 Requests for Numident Records, https://secure.ssa.gov/poms.nsf/lnx/0203325025 (last visited Oct. 23, 2023).

1

to respond to the motion, but no response was forthcoming. For the following reasons, the complaint is dismissed without prejudice for lack of jurisdiction pursuant to Rule 12(b)(1).

**I.**

Unless otherwise noted, the following facts are taken from the plaintiff's complaint and accepted as true for the purposes of deciding this motion.

On or around March 14, 2022, the plaintiff submitted a request for the Numident record associated with his Social Security number, ending in 5575. Compl. at 11, ECF No. 1. He submitted the request by mailing an SSA-L996 form with the necessary payment information to the SSA at OEIO, FOIA Workgroup, 6100 Wabash Ave., P.O. Box, 33022, Baltimore, MD 21290-3022. Id. at 34-35. After receiving no response, the plaintiff submitted a second request on March 18, 2022. Id. at 11-12. He then sent additional mailings to the SSA on April 25 and May 23, 2022. Id. at 12.

The plaintiff alleges that, despite his efforts, the defendants have failed to provide him the requested Numident record. The defendants contend that the SSA has satisfied the plaintiff's request by "produc[ing] and mail[ing] a certified copy" of the Numident record to him on December 22, 2022. Ware Decl. ¶ 5, ECF No. 21.

**II.**

When presented with a motion to dismiss under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must first analyze the motion under Rule 12(b)(1) to determine whether the Court has the subject-matter jurisdiction necessary to consider the merits of the action. See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990); see also S.E.C. v. Rorech, 673 F. Supp. 2d 217, 220-21 (S.D.N.Y. 2009).

A case that no longer satisfies the "case or controversy" requirement of Article III, Section 2 of the Constitution is moot. See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). When a case becomes moot, "the federal courts lack subject-matter jurisdiction over the action."[2] Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994). As such, if the district court determines that it lacks subject-matter jurisdiction, the court must dismiss the action. See Fed. R. Civ. P. 12(b)(1).

In defending against a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

3

evidence. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. See id.; Graubart v. Jazz Images, Inc., No. 02-cv-4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006).

Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). In so doing, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56. See Kamen, 791 F.2d at 1011.

Finally, the Court must construe pro se pleadings liberally. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

### III.

It is plain that the plaintiff's complaint should be dismissed without prejudice for lack of jurisdiction pursuant to Rule 12(b)(1). Where a Government defendant has satisfied the plaintiff's request that is the plaintiff's only discernable claim, the case is moot and should be dismissed for lack of

subject-matter jurisdiction. See, e.g., Eichie v. Kuakazi, No. 21-cv-10712, 2023 WL 143827, at *8, (S.D.N.Y. Feb. 1, 2023) (dismissing as moot plaintiff's request directing the SSA to issue a benefit award letter because the SSA had already issued the requested letter); Torres v. U.S. Dep't of State, No. 18-cv-9555, 2020 WL 1489803, *4 (S.D.N.Y. Mar. 27, 2020) (finding an action for a writ of mandamus moot where the defendant had already processed the plaintiff's passport application).

In this case, the plaintiff's only discernible claim is for an Order requiring the production of the Numident record associated with his Social Security number. The defendants have submitted a declaration from LaTonya Ware, the Earnings and Adjustment Branch Manager in the Office of Central Operations at the SSA who oversees processing of requests for Numident, that the SSA has already provided the plaintiff with his Numident record. Ware Decl. ¶¶ 2, 5. The defendants "granted Plaintiff his requested relief[,]" and therefore it is proper for "the Court [to] dismiss[] the case as moot[.]" Elliot v. U.S. Dep't of State, 122 F. Supp. 39, 41 (S.D.N.Y. 2015) (noting that the court had dismissed as moot the plaintiff's request for an order compelling the defendant to adjudicate his passport application). Accordingly, this case is moot and should be dismissed for lack subject-matter jurisdiction.

## CONCLUSION

The Court has considered all of the arguments in this case. To the extent that they are not discussed above, they are either moot or without merit. The complaint is dismissed without prejudice. The Clerk is directed to close all pending motions and to close this case. The Clerk is also directed to mail a copy of this decision to the pro se plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   New York, New York
         October 25, 2023

                                        _____
                                              John G. Koeltl
                                        **United States District Judge**